UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOVARD MARTINEZ-PALACIOS,

        Petitioner,

        v.

ERIC H. HOLDER, Jr.,

        Respondent.

CASE NO. C09-11-RSL-JPD

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Hovard Martinez-Palacios is a native and citizen of Honduras who is currently detained at the Northwest Detention Center in Tacoma, Washington pursuant to a final order of removal that was entered *in absentia* on May 19, 2005. On January 5, 2009, petitioner, proceeding pro se, filed the instant "Motion for Stay of Removal Petition for Writ of Mandamus," challenging his *in absentia* order of removal from the United States. (Dkt. 6). Petitioner claims that he has an approved I-130 visa and that he is eligible to adjust his status that of lawful permanent resident. *Id*. at 1. Respondent opposes petitioner's petition, arguing that this Court lacks jurisdiction to consider petitioner's claims under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005). (Dkt. 11).

REPORT AND RECOMMENDATION
Page - 1

Having carefully reviewed the entire record, I recommend that petitioner's petition (Dkt. 6) be DENIED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Honduras who entered the United States without inspection on or about December 18, 2004. (Dkt. 14 at R11, L10). On December 20, 2004, he was apprehended and served with a Notice to Appear, placing him in removal proceedings and charging him with being removable from the United States for being present in the United States without being admitted or paroled. (Dkt. 14 at L34-38). Because petitioner was a sixteen years old at the time, he was placed with the International Educational Services ("IES") in Los Fresnon, Texas. (Dkt. 14 at L34, L3).

On January 20, 2005, a notice of hearing was sent to petitioner at IES, notifying him that a hearing at the Immigration Court in Harlington, Texas, was scheduled for January 28, 2005. (Dkt. 14 at L5). A subsequent notice of hearing was sent to the same address, resetting the hearing for February 23, 2005, which was subsequently re-calendared for March 16, 2005. (Dkt. 14 at L6-8). On March 16, 2005, petitioner, through counsel, conceded proper service of the notice to appear, admitted all of the allegations, and conceded that he was subject to removal as charged. (Dkt. 14 at L9-10). He indicated that he intended to seek asylum or withholding of removal, or, in the alternative, voluntary departure. *Id*.

On March 20, 2005, petitioner absconded from the IES facility. (Dkt. 14 at L12-13, 16). On March 22, 2005, he was re-apprehended and transferred to the Southwest Key Program ("SKP") in Houston, Texas. (Dkt. 14 at L16, L23-24). The Department of Homeland Security ("DHS") filed a Notification of Change of Address and a Motion to Change Venue to Houston with the Harlingen Immigration Court on March 30, 2005. (Dkt. 14 at L23-24). Venue was

subsequently changed to Houston, Texas. (Dkt. 14 at L45). On May 12, 2005, a notice of hearing was mailed to petitioner at SKP, notifying him that a hearing at the Immigration Court in Houston, Texas, had been set for May 19, 2005. (Dkt. 14 at L46). Petitioner absconded from the SKP facility and failed to appear for his hearing on May 19, 2005. (Dkt. 14 at L47). The Immigration Judge ("IJ") determined that the issue of petitioners removability had already been resolved by his admission and the submission of the Form I-213 at the March 16, 2005, hearing. (Dkt. 14 at L47). Accordingly, the IJ ordered petitioner removed *in absentia*. *Id*.

Petitioner was subsequently re-apprehended and detained at the Northwest Detention Center in Tacoma, Washington. On September 3, 2005, petitioner filed a Motion to Reopen his removal proceedings with the Immigration Court in Houston, Texas, claiming that he did not receive either the Notice to Appear or the Notice of Hearing. (Dkt. A4 at L50-51). The Immigration Court rejected petitioner's motion and no appeal was ever filed. (Dkt. 12). On January 5, 2009, petitioner filed a Petition for Review with the Ninth Circuit Court of Appeals along with a motion for stay, seeking review of the Immigration Judge's denial of his motion to reopen. *See Martinez-Palacios v. Holder*, No. 09-70005 (9th Cir. 2009); (Dkt. 12, Ex. A). Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay to automatically issue. *Id*. On March 23, 2009, the Ninth Circuit dismissed petitioner's petition for review and the mandate issued on April 13, 2009, lifting the stay of removal. *Id*.

### III. DISCUSSION

Petitioner requests that this Court "impose[ ] a Stay of Removal and Review the decision of the Immigration Court and the BIA." (Dkt. 6 at 1). Respondent responds that the Court lacks jurisdiction to review the Immigration Judges' *in absentia* removal order under the REAL ID Act. (Dkt. 11). The Court agrees with respondent.

The REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), amended the judicial review provisions of the Immigration and Nationality Act to explicitly provide that judicial review of all deportation, exclusion, or removal orders lies exclusively in the appropriate court of appeals, and that the district courts no longer have jurisdiction to review such orders. This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, is to file a Petition for Review with the appropriate court of appeals. See 8 U.S.C. § 1252(a)(5) ("A petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); *Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007) ("After the REAL ID Act . . . the district court plainly lacked habeas jurisdiction."); *see also* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

Accordingly, petitioner's challenge to his *in absentia* removal order may not be reviewed by this Court. Since this Court lacks jurisdiction to consider petitioner's petition, it is similarly without jurisdiction to issue a stay of removal. The Circuit Court is the proper forum for such claims and, thus for any injunctive relief associated with such claims. The fact that petitioner was denied relief by the Immigration Court and the Ninth Circuit does not alter the fact that this Court lacks jurisdiction to entertain petitioner's petition and request for a stay of removal under the REAL ID Act.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's petition and motion for stay of removal be DENIED, Dkt. 6, and that this action be DISMISSED with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of May, 2009.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge